[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review for the City of Cranston. Jurisdiction in this Court is pursuant to Rhode Island General Laws 1956 (1981 Reenactment) §45-24-20.
Gerald Lanni applied to the Board for a variance to construct a single family dwelling for his daughter, Sally Ann Lanni, on two substandard lots in Cranston. These lots are identified on Assessor's Plat 12/2 as lots 1654 and 1655. Specifically, Mr. Lanni sought relief from the 80 foot street frontage and 10 foot side yard requirements of the A-8 zoning district. In a decision dated October 14, 1993, the Board granted Mr. Lanni and his daughter a variance with the restrictions that they maintain a 10 foot side yard setback on one side of the lot and street frontage of 60 feet. Since the property in question had only 40 feet of street frontage, the decision required Mr. Lanni to convey an additional 20 feet of frontage to the subject lots from adjoining lot 1648 which he jointly owns with his wife Alice.
Plaintiffs contend that the Board's decision allows Mr. Lanni to make an illegal subdivision of land. Plaintiff argues that lots 1654, 1655 and 1648 have merged to form one property from which Mr. Lanni is attempting to slice a substandard lot. Plaintiffs contend that such action would amount to an illegal subdivision of land. Plaintiffs further maintain that even with the conveyance of frontage from lot 1648 to the subject lots, the subject lots would fail to conform to the zoning regulations for that district.
Defendants claim that the three lots have not merged because they are not owned in the same manner. According to defendant's memorandum, lot 1648 is jointly owned by Mr. Lanni and his wife, Alice, while lots 1654 and 1655 are solely owned by Mr. Lanni. Thus, the lots are not owned in a manner which would cause them to merge. In support of this contention, defendants have attached to their memorandum copies of the deeds relating to the properties in question.
In making its decision, the court is limited by R.I.G.L. §45-24-20(c) to a review of "the record of the hearing before the zoning board." In this case, however, it appears that the record may not contain the facts as they actually exist. At the hearing before the Board, Mrs. Lanni testified that she and her husband jointly own all three lots in question here. (Tr. at 4, 5) According to defendant's memorandum and the deeds attached thereto, however, the lots are owned in a different fashion. These deeds were not part of the record before the Board, however, so this court may not rely on them in making its decision. Nonetheless, the court believes there to be an unresolved material question as to how this property is owned. Accordingly, the court orders that this case be remanded to the Cranston Zoning Board of Review to determine how the lots in question are owned and whether said lots have merged to form one conforming lot.
It is so ordered.